# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHEL BERRIEN, III | : | CIVIL ACTION NO: 3:19-CV-00814 |
| Plaintiff, | : | |
| v. | : | (Judge Mariani) |
| | : | (Chief Magistrate Judge Schwab) |
| DUSTIN BALDWIN, | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

### I. Introduction.

The claims of the plaintiff Raphel Berrien, III arise from a bus accident that occurred while he was being extradited from Ohio to Kentucky. After screening the complaint, we determined that the complaint fails to state a claim upon which relief can be granted. Although we granted Berrien leave to file an amended complaint, he failed to do so. Because the complaint fails to state a claim upon which relief can be granted, we recommend that the Court dismiss the complaint.

### II. Background.

Berrien commenced this action *pro se* on May 13, 2019, by filing a complaint and a motion for leave to proceed *in forma pauperis*. Berrien names Dustin Baldwin as the defendant, and he alleges the following. On May 13, 2017, as he was being extradited from the Muskingum County Jail in Zanesville, Ohio to

Hart County, Kentucky, the bus driver attempted "an illegal U-turn from the third lane." *Doc. 1* at 3. The bus "hit a husband and wife on their cruiser motorcycle." *Id.* When the bus hit the couple, Berrien was standing up to proceed to use the bathroom, and he was injured. *Id.* Once an ambulance arrived at the accident scene, Berrien was seen briefly and directed to see the doctor at the county jail due to the pain he felt. *Id.* After the local "Middletown" Ohio police and state troopers arrived, the bus driver was issued a traffic citation for being in the wrong lane and attempting to make an illegal U-turn. *Id.*

Upon arrival at the Lehigh County Jail, Berrien was seen and given a physical by Dr. Wilson. *Id.* According to Berrien, he sustained neck and back injuries, and Dr. Wilson prescribed "Raboxin, Naproxen, and a stretching exercise program (Range of Motion exercises), for over a year." *Id.* Also, immediately after arriving to Lehigh County Jail, Berrien's vison became blurry and the Lehigh County Jail prescribed him glasses. *Id* at 6. In 2015, at his last physical for his DOT certification, his vision was "20/13 in both eyes." *Id.*

Berrien requests that "the company" be cited for hiring "unqualified bus drivers" and that he be compensated $400,000 for his "internal injuries." *Id.* at 5.

## III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

We review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels,

conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

4

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

**A. The complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Baldwin.**

In Berrien's complaint, he denotes that he brings this action under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that

§ 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To state a claim under §1983, the plaintiff must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Besides naming Baldwin as the defendant in the caption of his complaint and alleging that Baldwin is currently employed at "Prisoner Transportation SVC," Berrien does not mention Baldwin in the remainder of the complaint. It is unclear who Baldwin is or what role he played in Berrien's claim. Berrien does not list Baldwin's occupation, and given that Berrien seeks to have "the company" cited for hiring "unqualified bus drivers," it is unclear if Baldwin was the bus driver or the owner of the bus company. In any event, Berrien fails to show how Baldwin infringed on any of his constitutional rights, and he fails to allege that Baldwin was acting under the color of state law. Therefore, Berrien fails to state a §1983 claim upon which relief may be granted against Baldwin.

### B. Berrien's alleged negligence claim is not a constitutional claim.

While the exact nature of Berrien's claim is unclear, it appears from his complaint that he is alleging negligence by the bus driver. But negligence is not a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding a state official's negligent act "causing unintended loss of or injury to life, liberty, or property" does not implicate the Due Process Clause). Therefore, even assuming that Baldwin was the bus driver and that he was acting under color of state law, Berrien fails to state a §1983 claim upon which relief may be granted.

### C. Berrien fails to allege another basis for jurisdiction in his complaint.

Berrien filed his complaint under 42 U.S.C. § 1983. The court has federal-question jurisdiction over §1983 claims. *See* 28 U.S.C. § 1331. But as discussed above, his claim appears to be a negligence claim, not a constitutional claim. While it is unclear, Berrien may have also been attempting to invoke this Court's diversity jurisdiction.

Diversity Jurisdiction requires that each party in a civil action be a citizen of a different state and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005). "For diversity jurisdiction, a complainant must plead that he is a citizen of a particular state and that the defendants are citizens of a different state." *Rokhvarg v. Dept. of Community Affairs*, 363 F. App'x. 201, 202 (3d Cir. 2010); *see also*

*Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir. 2003). "'[N]o plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d. Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.2010)). "A natural person is deemed to be a citizen of the state where he is domiciled." *Id*.

Berrien has not pleaded diversity jurisdiction. He has not alleged his or Baldwin's domicile.

We also note that it does not appear that venue is proper in this court. Under 28 U.S.C. § 1391(a)(2), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(a). Here, Berrien does not allege that Baldwin is a citizen of Pennsylvania, that the events happened within the Middle District of Pennsylvania, or that this Court has personal jurisdiction over Baldwin. Therefore, venue is not proper in this court.

## V. Leave to Amend.

Before dismissing a complaint under the screening provision of 28 U.S.C.§ 1915(e)(2), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, by an Order dated July 9, 2019, we pointed out the deficiencies noted above, and we granted Berrien 28 days to file an amended complaint. Berrien has not, however, filed an amended complaint. Instead, Berrien filed a letter stating that he now realizes that he should have filed this case in Tennessee, and so he sent his amended complaint to a federal court in Tennessee. *See doc.* 12. Thus, granting Berrien further leave to amend in this Court would be futile.

## VI. Recommendation.

Based on the foregoing, we recommend that the Court dismiss the complaint in accordance with 28 U.S.C. § § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive Further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of August, 2019.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge